TINER v. BALDWIN.

5-2891                                      363 S. W. 2d 532

Opinion delivered January 14, 1963.

*Milham & Cummins,* for appellant.

*Barber, Henry, Thurman & McCaskill,* for appellee.

FRANK HOLT, Justice. This is an appeal from an order of the Pulaski Circuit Court denying appellant's petition for a writ of certiorari.

Claimant-appellant suffered a knee and leg injury during employment in Pulaski County. It is stipulated that the accident is a compensable injury. The extent of the injury is disputed. Appellant presented his claim for Workmen's Compensation to the Referee and an award was made. An appeal was taken to the full Commission which increased the award. Claimant-appellant's attorney then filed with the Commission his notice of appeal to the Saline Circuit Court. His notice of appeal reached the office of the Commission one day late and the appeal was consequently denied by the Commission.

Appellant filed a petition for writ of certiorari in Saline Circuit Court on November 24, 1961, alleging that any loss of the right of appeal was through no fault of his own because of the illness of his attorney. The last day for lodging the notice of appeal in the Commission Office was November 13, 1961. On November 7th appellant's attorney was hospitalized, returning home on November 10th. There he was confined in bed until he returned to his office on Monday, November 13th, and mailed the notice of appeal to the Commission which received the appeal the next day. The attorney contends that because of his illness he was unavoidably delayed in filing the notice of appeal on behalf of claimant. On November 29th the Circuit Court of Saline County issued a writ of *certiorari* directing the Workmen's Compensation Commission to send up the records of the cause

to the Saline Circuit Court and on December 5th the records were filed in compliance therewith.

On December 21st, the defendant filed his response to the petition for the writ of certiorari contending the appeal was not timely filed. On February 23, 1962, the defendant filed an amended response to the petition for *certiorari* questioning the jurisdiction of the Saline Circuit to hear the cause since the injury admittedly occurred in Pulaski County.

On March 14, 1962, the appellant moved to transfer the proceedings to Pulaski Circuit Court and the cause was so transferred on March 23rd. Defendant-appellee, on March 21, filed his objection in Saline Circuit Court to a transfer. Neither of the parties filed any additional pleadings in the Pulaski Circuit Court. The court denied appellant's petition for writ of certiorari.

For reversal appellant urges that the Pulaski Circuit Court did not consider that the petition for a writ of certiorari had already been granted; and, if granted, the court should not have denied the petition; further, that the court erred in failing to review the findings and order of the full Commission.

Since the writ of *certiorari* had been issued, and the full record brought up, the Pulaski Circuit Court had two possible results that it could reach, i.e., quash the writ of certiorari or determine the cause on its merits.

On June 28, 1962, the Pulaski Circuit Court made the following order:

''On this day is presented to the Court the Petition for Writ of Certiorari filed herein by the claimant, George Tiner, and said Petition is submitted to the Court upon the record herein, the pleadings of the parties, and the Briefs and argument of Counsel.

From all of which the Court finds that the Petition for Writ of Certiorari should be denied.

It is, therefore, by the Court ORDERED that the Petition for Writ of Certiorari filed herein by the claimant, George Tiner, be and the same is hereby denied.''

We think it is significant that the order does not assign any specific reason for denying the petition for writ of certiorari.

The court, in its order, recited that it considered the "record herein, the pleadings of the parties, and the briefs and argument of counsel." The "record herein" contained the Saline Circuit Court's order on November 29, 1961, granting certiorari and also, the "record herein" reflects that on December 5, 1961, the Commission complied therewith by filing "the necessary papers and documents to effect the appeal to your court in this case." We are of the opinion that the Pulaski Circuit Court treated the case as an appeal and, therefore, in denying the writ was affirming the order of the Workmen's Compensation Commission rather than disposing of the case based upon the technicality of the aspects of a timely appeal. The circuit court had the right to treat the case at bar as an appeal in order to fully dispose of all questions presented. *Brown* v. *State,* 206 Ark. 135, 173 S. W. 2d 1016.

In reviewing, on an appeal, the findings of fact of the Commission we are limited in this case to the sole determination of whether those findings are supported by substantial evidence. Ark. Stats. 81-1325 (b). We review the facts in this case: Claimant-appellant Tiner received a compensable injury on September 6, 1960. The extent of the temporary total disability and the permanent partial disability is disputed. The Referee awarded Tiner temporary total disability from September 7, 1960 to April 25, 1961 and found permanent partial disability of 35% to his entire left leg. On appeal the full Commission awarded claimant temporary total disability from September 7, 1960 to May 10, 1961 and permanent partial disability of 50% to his entire left leg.

Tiner, after receiving the admittedly compensable injury, was taken to Drs. Murphy & Jones Clinic where he was treated until May 10, 1961 at which time Dr. Jones found claimant's healing period had ended. During claimant's treatment period he was hospitalized and in

an operation, muscles and ligaments were removed from his left leg and knee. A full length leg brace was eventually furnished him which he preferred to another operation. Appellant objects to the sufficiency of the Commission's award of temporary and permanent partial disability.

As to the award of temporary total disability, Dr. Kenneth C. Jones testified that the healing period ended on May 10, 1961, "from a practical standpoint". He recommended an operation, arthrodesis, which could reduce the permanent disability to 35 or 40%. Dr. E. M. Nixon, in his report of May 1, 1961, wrote that he would "discharge him with a permanent disability of 30% of the entire extremity". Dr. John M. Hundley gave the opinion that he would consider the healing period to be ended when the brace is fitted. Dr. F. Walter Carruthers did not give an opinion as to when the healing period ended, however, it can be fairly inferred from his report that he thought a leg brace was necessary to provide normal ambulation. The appellee offered to provide Tiner, through Dr. Hundley, a leg brace of the recommended type on June 30, 1961. As of October 13, 1961, Tiner had not accepted the brace and offered no substantial reason for his failure to accept it. Suffice it to say there is substantial evidence to support the finding that the healing period ended May 10, 1961, according to the medical evidence in this case.

As to permanent partial disability, Dr. Kenneth C. Jones testified there was a 50% permanent disability to the entire left leg and recommended an operation on the left knee which claimant refused. Dr. Ewing M. Nixon testified there was 30% permanent disability. Dr. John M. Hundley estimated the permanent disability at 35% and Dr. F. Walter Carruthers at 60-65%.

We find, after reviewing the evidence in this case, that the finding of the Commission that the permanent partial disability amounted to 50% is supported by at least substantial evidence if not the weight of the evidence.

We affirm the action of the Circuit Court in upholding the Order of the Commission.